IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CARLTON S. NISHIMURA,<br><br>　　　　Defendant. | Cr. No. 11-00153-HG-1 |

**PROTECTIVE ORDER**
**PERMITTING UNITED STATES TO DELAY DISCLOSURE OF THE DEFENDANTS'**
**WRITTEN STATEMENTS FOR A PERIOD OF SIXTY DAYS**
**AND**
**SEALING RECORDS**

The Government has filed a motion under seal seeking a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1). The Government requests a sixty-day delay in the disclosure of a portion of the written statements of Defendant Carlton S. Nishimura as required by Federal Rule of Criminal Procedure 16(a). Having demonstrated "good cause" pursuant to Rule 16(d)(1), the Government's motion is **GRANTED**.

In addition, the Government's request to seal the filings related to this motion is **GRANTED**.

**BACKGROUND**

Defendant Carlton S. Nishimura is pending trial on charges alleging conspiracy to extort monies under color of official right, making false statements in a matter within the

1

jurisdiction of the Executive Branch of the Government of the United States, tampering with a witness, and possession of five or more grams of methamphetamine with intent to distribute. Trial is scheduled to commence on October 16, 2012.

The Government is in possession of statements made by the Defendant that were discovered pursuant to a search warrant. The statements in question relate to an ongoing criminal investigation being conducted by the Department of Justice ("DOJ").

On March 14, 2012, the Court held an *ex parte* hearing on the record, in which the Government presented an *ex parte* motion to delay disclosure of written statements of the Defendant for a period of sixty days (Doc. 135). The Government also proposed an order granting the *ex parte* motion (Doc. 135-1). During the hearing, the Government provided details of the DOJ's ongoing criminal investigation and explained how the Defendant's statements were related. The Government moves for a protective order pursuant to Federal Rule of Criminal Procedure 16(d)(1) to delay disclosure of the Defendant's Statements for a period of sixty days, during which the DOJ will proceed with its criminal investigation.

On March 22, 2012, the Government filed under seal a memorandum in support of their *ex parte* motion. (Doc. 132.) In addition, the Government filed under seal a submission regard the

partial recusal of the United States Attorney's Office for the District of Hawaii. (Doc. 133.) The Government has notified the Court that the Defendant's prosecution will be supervised by the United States Attorney's Office for the Central District of Hawaii.

**DISCUSSION**

**I. GOVERNMENT'S MOTION TO DELAY DISCLOSURE**

Federal Rule of Criminal Procedure 16(d)(1) provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1); see United States v. Patkar, Crim. No. 06-00250 JMS, 2008 U.S. Dist. LEXIS 6055, at *8-9 (D. Haw. Jan. 28, 2008). The determination of "good cause" is within the Court's discretion upon a review of the record. See United States v. Fort, 472 F.3d 1106, 1131 (9th Cir. 2007). As the party seeking a protective order, the Government bears the burden of showing good cause. See Rivera v. NIBCO, Inc., 384 F.3d 822, 827 (9th Cir. 2004).

In defining what constitutes "good cause," the Court should consider "the safety of witnesses and others, a particular danger of perjury or witness intimidation, the protection of information vital to the national security, and the protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16 advisory committee's note on 1966 amendments. While the Ninth

Circuit Court of Appeals has never expressly defined the contours of "good cause" for Rule 16, other courts have looked for guidance to Federal Rule of Civil Procedure 26(c)(1), the civil counterpart to Rule 16.  See, e.g., Patkar, 2008 U.S. Dist. LEXIS 6055, at *8-9; United States v. Carriles, 654 F. Supp. 2d 557, 566 (W.D. Tex. 2009).  In adopting the definition of "good cause" for civil discovery into the criminal discovery context, the Third Circuit Court of Appeals has held that with regard to Rule 16:

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure.  The injury must be shown with specificity.  Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.

United States v. Wecht, 484 F.3d 194, 211 (3d Cir. 2007) (quoting Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)).  The Third Circuit Court of Appeal's definition for "good cause" in criminal discovery matters is very similar to the Ninth Circuit Court of Appeal's definition for "good cause" in civil matters.  See Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).  Any harm sustained by the government must, however, be balanced against the public's interest in the information and any prejudice suffered by the Defendant should the protective order issue.  See Fed. R. Crim. P. 2; Wecht, 484 F.3d at 211; Carriles, 654 F. Supp. 2d at 566.

Here, the Government has sufficiently articulated a "good

4

cause" for delaying disclosure of the Defendant's statements for sixty days.  First, the Government has a clear interest in pursuing a pre-indictment criminal investigation.  See Times Mirror Co., 873 F.2d at 1219.  Disclosing the writings at this point could interfere with the ability of the DOJ to adequately investigate.  Second, the prejudice incurred by the Defendant for not having access to his own statements for sixty days is minimal.  The Defendant's statements do not provide any exculpatory evidence and the Defendant, having written the statements himself, should already be aware of their content.  Moreover, the Defendant will receive the statements approximately six months prior to trial, which is sufficient time to incorporate the evidence into his defense.  Third, the public does not have a right to access discovery material that is not yet admitted into evidence.  See Wecht, 484 F.3d at 212.  As the United State Supreme Court explains:  "Much of the information that surfaces during pretrial discovery may be unrelated, or only tangentially related, to the underlying cause of action.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984).  In a criminal case, therefore, "[d]iscovery is neither a public process nor typically a matter of public record.  Historically, discovery materials were not available to the public or press."  Id. at *9 n.4 (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)).

The balance of the Government's interests outweigh the danger of unfair prejudice to the Defendant and the public's interest in the discovery material.  Having sufficiently articulated "good cause" pursuant to Rule 16, the Government's *ex parte* motion for issuance of a protective order (Doc. 135), filed on March 14, 2012, is **GRANTED**.  The Government may delay disclosure of the Defendant's statements until Monday, May 14, 2012.  Should the DOJ's criminal investigation be completed before May, 14, 2012, the Government is directed to immediately notify the Court.

## II. SEALING THE DOCUMENTS

The Ninth Circuit Court of Appeals requires "district courts to start with a strong presumption in favor of access when deciding whether to seal records." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011).  A party seeking to seal a judicial record bears the burden of overcoming this strong presumption by "articulat[ing] compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In addition, the Court is required "to articulate the rationale underlying its decision to seal." Apple, 658 F.3d at 1162.

**(A) Government's Motion, Proposed Order, Memorandum in Support, and the Transcripts of the *Ex Parte* Hearing Held on March 14, 2012**

The Government seeks to seal the Government's *ex parte* motion for a protective order (Doc. 135), its proposed order (Doc. 135-1), its memorandum in support of the motion (Doc. 132), and the transcripts of the *ex parte* hearing on March 14, 2012. The Government seeks to seal these documents to prevent any disruption of the DOJ's pending criminal investigation.

The Ninth Circuit Court of Appeals has held that sealing documents to prevent the disruption of a pre-indictment investigation constitutes a "compelling reason" that has traditionally fell under the "state secrets" protection. See Times Mirror Co. v. United States, 873 F.2d 1210, 1219 (9th Cir. 1989). Here, the Government's interest in avoiding the disruption of the DOJ's criminal investigation is sufficient to seal the Government's Motion, Proposed Order, Memorandum in Support, and the transcripts of the *ex parte* hearing.

**(B) Government's Submission Regarding the District of Hawaii's Partial Recusal**

The Government filed a submission (Doc. 133) which explains why the Defendant's prosecution will be supervised by the United States Attorney's Office for the Central District of Hawaii. The filing, however, contains details about the ongoing DOJ investigation and will remain sealed.

**CONCLUSION**

(1) The Government's *ex parte* motion for a protective order is **GRANTED**. The Government may delay disclosure of the Defendant's written statements until Monday, May 14, 2012.

(2) The Government's request to seal the documents related to its motion is **GRANTED**.

  (A) The Government's Motion, Proposed Order, Memorandum in Support, and the transcripts of the *ex parte* hearing held on March 14, 2012 are to remain **SEALED**.

  (B) The Government's submission regarding the recusal of the District of Hawaii from the Defendant's prosecution will remain **SEALED**.

IT IS SO ORDERED
DATED: March 30, 2012, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
Senior United States District Judge

United States v. Carlton S. Nishimura, Crim. No. 11-00153-HG-1; **PROTECTIVE ORDER PERMITTING UNITED STATES TO DELAY DISCLOSURE OF THE DEFENDANTS' WRITTEN STATEMENTS FOR A PERIOD OF SIXTY DAYS AND SEALING RECORDS.**